UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daryl Spainhower,

Plaintiff,

v.

Civ. No. 01-1830 (JNE/JGL)
ORDER

Thiele Engineering,

Defendant.

Daryl Spainhower brought this case against his former employer, Thiele Engineering Company (Thiele), in state court, asserting claims under state common law. Spainhower alleges that Thiele negligently advised him as to his eligibility for disability benefits under a disability-insurance policy held by Thiele and issued by UNUM Life Insurance Company of America (UNUM), and that Thiele was negligent, careless, and reckless in failing to submit his application for benefits to UNUM within the period specified in the policy. UNUM ultimately denied Spainhower's application as untimely.

Thiele removed the case to federal court on the ground that Spainhower's claims arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 (2000) (ERISA). Following discovery, Thiele moved for summary judgment, arguing that Spainhower's claims are barred by Minn. Stat. § 541.07(5) (2002), which provides a two-year statute of limitations for claims for benefits under the ERISA. *See Cavegn v. Twin City Pipe Trades Pension Plan*, 223 F.3d 827, 830 (8th Cir. 2000); *Adamson v. Armco, Inc.*, 44 F.3d 650, 653 (8th Cir. 1995). Spainhower did not file any papers in opposition to the motion.

After reviewing Thiele's motion papers, the Court raised the issue of subject-matter jurisdiction *sua sponte* and requested supplemental memoranda on the question whether this case falls within the holding of *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58 (1987). In

FILED JUN 27 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

that case, the Supreme Court held that state-law claims that are both preempted by the ERISA, 29 U.S.C. § 1144(a), and displaced by the ERISA's civil enforcement provisions, *id.* § 1132(a)(1)(B), arise under federal law and may be removed to federal court. *Metro. Life*, 481 U.S. at 64-67; *cf. id.* at 64 (stating "ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law") (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 25-27 (1983)).

The ERISA's preemption clause states:

> Except as provided in subsection (b) of this section [the saving clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title *and not exempt under section 1003(b) of this title.*

29 U.S.C. § 1144(a) (emphasis added). Section 1003(a) states the general rule that the ERISA covers any "employee benefit plan." As used in section 1003(a), the term "employee benefit plan" includes any "employee welfare benefit plan," *see* 29 U.S.C. § 1002(3), which, in turn, includes any plan, fund, or program established or maintained by an employer for the purpose of providing disability benefits to its employees through the purchase of insurance, *id.* § 1002(1)(A). The policy at issue in this case appears to be an "employee welfare benefit plan" and, thus, an "employee benefit plan" within the meaning of section 1003(a).

Section 1003(b) provides exceptions to the general rule of ERISA coverage, including one for "any employee benefit plan . . . maintained solely for the purpose of complying with applicable . . . disability insurance laws." 29 U.S.C. § 1003(b)(3). The test under this exception is whether the plan "provides only those benefits required by the applicable state law." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 107 (1983). Thus, in deciding whether the policy is covered

by the ERISA, the Court must identify the applicable state law,[1] determine what disability benefits are required by the applicable state law, and compare the required benefits with the benefits provided in the policy. The parties' supplemental memoranda do not address these issues. As a result, the Court is unable to determine whether this case satisfies the requirements of *Metropolitan Life*.

Based on these considerations, the Court invites the parties to submit a second round of supplemental memoranda on the question whether the policy falls within the exception outlined in section 1003(b)(3). The memoranda must not exceed 15 pages each, and must be filed and served according to the following schedule: (1) Thiele's memorandum must be served no later than July 8, 2003; (2) Spainhower's memorandum must be served no later than July 15, 2003; and (3) Thiele's memorandum and Spainhower's memorandum must be filed together no later than July 15, 2003.

Dated: June 26, 2003

JOAN N. ERICKSEN
United States District Judge

---

[1] The policy contains a Missouri choice-of-law clause, but Thiele's motion for summary judgment is based on Minnesota's statute of limitations.