UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daryl Spainhower,

Plaintiff,

v.

Civ. No. 01-1830 (JNE/JGL)
ORDER

Thiele Engineering,

Defendant.

Daryl Spainhower brought this case against his former employer, Thiele Engineering Company (Thiele), in state court, alleging claims under Minnesota common law. Thiele removed the case to federal court on the ground that Spainhower's claims actually arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 (2000) (ERISA). After Thiele moved for summary judgment, the Court raised the question of subject-matter jurisdiction *sua sponte* and invited the parties to submit supplemental memoranda addressing that issue. Having reviewed the parties' submissions, the Court concludes that it lacks jurisdiction over this case because Spainhower's state-law claims are not displaced by the ERISA's civil enforcement provision, 29 U.S.C. § 1132(a). *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64-67 (1987). Accordingly, the case must be remanded to state court pursuant to 28 U.S.C. § 1447(c) (2000).

## I. BACKGROUND

Spainhower alleges that he became disabled when he suffered a work-related injury around December 1995, while he was working for Thiele. On several occasions in February and March 1996, Spainhower asked a Thiele employee, Magally Angarita, for an application for disability benefits under an insurance policy held by Thiele and issued by UNUM Life Insurance

AUG 0 5 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

Company of America (UNUM). Angarita advised Spainhower that he was not eligible for benefits because his disability was work-related.

Spainhower asked Angarita for an application again in October 1996. Angarita complied with the request, providing Spainhower with an application for long-term disability benefits. The application contained one section to be completed by Spainhower and another section to be completed by Thiele. Spainhower completed his section of the application and submitted it to Thiele in October 1996. Thiele did not complete the other section until August 1997, and UNUM did not receive Spainhower's application until November 1997. UNUM denied Spainhower's claim as untimely and informed Spainhower that he could request review of the decision within 60 days. Spainhower submitted a timely request, and UNUM affirmed its decision to deny his claim.

Spainhower served Thiele's controller with a Summons and Complaint in June 2000, and filed his case in Minnesota state court in July 2001. The Complaint alleges that Thiele, "through its agents and employees[,] negligently advised [Spainhower] as to his rights to benefit[s], negligently, carelessly or recklessly failed to file the applications within the period required by the policy and by its negligence, carelessness and recklessness deprived [Spainhower of] disability [benefits] he would have otherwise received."

## II. DISCUSSION

A civil action filed in state court may be removed to federal court if it arises under federal law. 28 U.S.C. § 1441(b) (2000). To determine whether an action arises under federal law, courts examine the well-pleaded allegations of the complaint and ignore potential defenses. *Beneficial Nat'l Bank v. Anderson*, 123 S. Ct. 2058, 2062 (2003); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983). A defense that relies on the

preemptive effect of a federal statute, including the ERISA, does not appear on the face of a well-pleaded complaint, and therefore does not provide a basis for removal. *Metro. Life*, 481 U.S. at 63 (citing *Franchise Tax Bd.*, 463 U.S. at 25-27, for the proposition that "ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law").

There is an exception to the "well-pleaded complaint rule" for state-law claims that are wholly displaced by a federal statute through "complete preemption." *Beneficial Nat'l Bank*, 123 S. Ct. at 2063; *Metro. Life*, 481 U.S. at 63-64. "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank*, 123 S. Ct. at 2063. Applying this exception in *Metropolitan Life*, the Supreme Court held that a state-law claim that is both preempted by the ERISA, 29 U.S.C. § 1144(a) (preemption clause), and displaced by the ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), arises under federal law and may be removed to federal court. *Metro. Life*, 481 U.S. at 64-67.

Thiele argues that Spainhower's claims are displaced by the ERISA's civil enforcement provision, which states, in relevant part, that a participant may bring a civil action to recover benefits due to him under the terms of an employee benefit plan. 29 U.S.C. § 1132(a)(1)(B). The proper defendant in such an action is the plan administrator responsible for denying the participant's claim for benefits. *See Hall v. Lhaco, Inc.*, 140 F.3d 1190, 1194 (8th Cir. 1998); *Layes v. Mead Corp.*, 132 F.3d 1246, 1249-50 (8th Cir. 1998); *Harpole v. Entergy Ark., Inc.*, 197 F. Supp. 2d 1152, 1156-57 (W.D. Ark. 2002). Depending on the structure of the particular employee benefit plan involved, the entity responsible for denying the participant's claim may be the participant's employer, *see, e.g.*, *Tillery v. Hoffman Enclosures, Inc.*, 280 F.3d 1192, 1195-97 (8th Cir. 2002); *Fletcher-Merrit v. NorAm Energy Corp.*, 250 F.3d 1174, 1176-78 (8th Cir.

2001), the plan's insurer, *see, e.g.*, *Shipley v. Ark. Blue Cross & Blue Shield*, 333 F.3d 898, 901 n.3 (8th Cir. 2003); *Smith v. Unum Life Ins. Co. of Am.*, 305 F.3d 789, 794 (8th Cir. 2002), or the plan itself, *see, e.g.*, *Meyer v. Duluth Bldg. Trades Welfare Fund*, 299 F.3d 686, 688-89 (8th Cir. 2002); *Morgan v. Contractors, Laborers, Teamsters & Eng'rs Pension Plan*, 287 F.3d 716, 722 (8th Cir. 2002).

Under the employee benefit plan at issue in this case, the entity responsible for deciding whether Spainhower was entitled to disability benefits was UNUM, not Thiele. Spainhower's claims against Thiele therefore cannot be construed as an action to recover benefits pursuant to section 1132(a)(1)(B). *See Hall*, 140 F.3d at 1194 (stating "the proper party against whom a claim for ERISA benefits may be brought is the party that controls administration of the plan, not the plan participant's employer") (internal quotation marks omitted); *Layes*, 132 F.3d at 1249-50 (holding employer was not proper defendant in action to recover ERISA benefits when insurer denied participant's claim for benefits). Because Spainhower's claims are not displaced by the ERISA's civil enforcement provision, the Court lacks subject-matter jurisdiction, *see Metro. Life*, 481 U.S. at 64-67, and the case must be remanded to state court, *see* 28 U.S.C. § 1447(c). In light of this conclusion, the Court is without power to decide Thiele's motion for summary judgment.

## III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. This case is REMANDED to Minnesota District Court for the Fourth Judicial District pursuant to 28 U.S.C. § 1447(c).

2. Thiele's Motion for Summary Judgment [Docket No. 18] is DENIED AS MOOT.

Dated: August 4, 2003

JOAN N. ERICKSEN
United States District Judge